UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STONEY GLENN,
    Plaintiff,

vs.                                               Case No.: 3:20cv5603/MCR/EMT

CAPTAIN SMITH,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Stoney Glenn (Glenn) is proceeding pro se and in forma pauperis in this civil rights action under (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Upon review of the record, the undersigned concludes that this case should be dismissed, because Glenn's claims against the original Defendant are time-barred, and his claims against the newly named Defendant are duplicative.

I.    BACKGROUND

Glenn commenced this case by filing a civil rights complaint on June 16, 2020 (ECF No. 1). In his Complaint, he named Captain Smith as the sole Defendant (*id.* at 1–2). Glenn alleged that on September 29, 2015, while he was housed at Century

Correctional Institution, Captain Smith sprayed him and his roommate with chemical agent, even after Glenn advised Smith that he suffered from asthma and allergies (*id.* at 5). Glenn alleged he suffered an asthma attack and swelling in his feet, legs, and belly (*id.*). Glenn alleged he was placed in the infirmary and then transferred to a medical facility for treatment (*id.* at 6). He alleged he suffered a stroke while he was at the medical facility, and then began suffering seizures (*id.*). Glenn alleged he suffered "permanent damages," because he is unable to use his left hand and is confined to a wheelchair (*id.*). Glenn claimed that Defendant Smith's use of force constituted cruel and unusual punishment and violated his due process rights under the Fourteenth Amendment (*id.* at 7).

The undersigned screened Glenn's Complaint to determine whether it was frivolous or malicious, failed to state a claim upon which relief may be granted, or sought monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The undersigned determined that Glenn's claims against Captain Smith appeared to be subject to dismissal as time-barred (*see* ECF No. 13). The undersigned advised Glenn of the legal standards applicable to the limitations issue, noted that Glenn's claims against Smith appeared to be barred under those standards, and told Glenn that if he wished to pursue this

civil rights action, he must filed an amended complaint which "**allege[s] facts showing his claims are not barred by the statute of limitations**" (*id.* at 5) (emphasis in original).

Glenn filed an Amended Complaint on November 4, 2020 (ECF No. 19). He named A. Powell, a nurse at Century C.I., as the sole Defendant (*id.* at 1–2). Glenn alleged he suffered from asthma and allergies (*id.* at 5). He alleged that when he and his roommate were sprayed with chemical agent, he suffered many asthma attacks and then began to retain fluid (*id.*). Glenn alleged Nurse Powell failed to inform the institutional doctor that he was retaining fluid (*id.*). Glenn alleged when the doctor finally examined him, he placed Glenn in the infirmary and started treatment (*id.*). Glenn alleged he was transported to another institution for additional treatment (*id.*). He alleged he had a stroke and now suffers seizures and permanent loss of use of his left hand and leg (*id.*). Glenn asserted claims of deliberate indifference and malpractice against Nurse Powell for her alleged failure to address his serious medical need (*id.* at 7).

The court reviewed the Amended Complaint, and its own records, and determined that the undersigned is assigned to another of Glenn's cases, *Glenn v. Powell, et. al.*, Case No. 3:20cv5688/LAC/EMT. In that case, Glenn named Nurse

A. Powell as one of the three Defendants in his initial Complaint, and as the sole Defendant in his First Amended Complaint. *See id.*, Comp., ECF No. 1 (N.D. Fla. July 27, 2020); First Am. Compl., ECF No. 8 (N.D. Fla. Nov. 12, 2020).  In Case No. 3:20cv5688/LAC/EMT, Glenn asserts the same fats and claims against Nurse Powell as he asserts in the Amended Complaint he filed in the instant case. *See id.* The undersigned notified Glenn that because the claims in the instant case were duplicative of the claims asserted in Case No. 3:20cv5688/LAC/EMT, he must show cause why the instant case should not be dismissed as duplicative (*see* ECF No. 20).

Glenn responded to the show cause order, stating that his claim against Captain Smith is not duplicative of his claim against Nurse Powell (see ECF No. 21). Glenn asserts he is properly pursuing his claims against each Defendant in separate, pending proceedings (*see* ECF No. 21).

II.   DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an in forma pauperis action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). The court must read a plaintiff's pro se allegations in a liberal fashion. *Haines v.*

Case No.:  3:20cv5603/MCR/EMT

*Kerner*, 404 U.S. 519 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).   In applying this rule, however, only well pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980)[1]; *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").

Duplicative litigation is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), as malicious.  An in forma pauperis complaint "that merely repeats pending or previously litigated claims" may be considered abusive and dismissed under the authority of § 1915(e).  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Case No.:  3:20cv5603/MCR/EMT

(reiterating that an in forma pauperis complaint containing the same allegations as a prior complaint dismissed under § 1915 may be dismissed as frivolous or malicious); *Crisalfi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims.").

Here, a comparison of Glenn's Amended Complaint in the instant case and his Amended Complaint in Case No. 3:20cv5688/LAC/EMT demonstrates that he is pursuing identical claims, based upon identical factual allegations, in both lawsuits. Because Glenn's Amended Complaint merely repeats claims against Nurse A. Powell that are pending against her in *Glenn v. Powell*, 3:20cv5688/LAC/EMT, Glenn's claims against Powell in the instant case should be dismissed as duplicative.

This could end the matter, because Glenn abandoned his claims against Captain Smith by not including any allegations or claims against Smith in his Amended Complaint. *See* N.D. Fla. Loc. R. 15.1(A) ("Allegations in a prior pleading that are not set out in the amended pleading are deemed abandoned . . . ."). Nevertheless, the undersigned will discuss why Glenn's claims against Captain Smith should be dismissed as time-barred.

Case No.: 3:20cv5603/MCR/EMT

Section 1983 does not contain a specific statute of limitations; therefore, Section 1988 directs the district courts to select and apply the most appropriate or analogous state statute of limitations. *See* 42 U.S.C. § 1988(a). For claims that arose in Florida, a four-year statute of limitations, which is applicable to personal injury actions, applies to Glenn's excessive force claims. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citation omitted).

Applying federal law, the statute of limitations for a civil rights action begins to run on the date the cause of action accrues, which is the date when "the plaintiff has a complete and present cause of action" and "can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a § 1983 cause of action will not accrue until the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury. *Chappell*, 340 F.3d at 1283; *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.") (citation omitted); *Mullinax v. McElhenney*, 817 F.2d 711, 716–17 (11th Cir. 1987). To decide this

issue, a court must first identify the injuries that the plaintiff allegedly suffered and then determine when the plaintiff could have sued for them. *See Rozar v. Mullis*, 85 F.3d 556, 562 (11th Cir. 1996).

Glenn's Complaint is predicated on Captain Smith's use of force on September 29, 2015 (*see* ECF No. 1). Immediately after the use of force, Glenn knew he suffered injury from it, and he knew that Captain Smith inflicted it. Therefore, the accrual date for Glenn's § 1983 claims against Captain Smith is September 29, 2015. Glenn did not commence this civil rights action against Captain Smith until June 16, 2020, more than four years after that date. Therefore, he filed it beyond the statute of limitations.

Florida law authorizes the tolling of statutory limitations period in certain specified circumstances, none of which are involved in this case. *See* Fla. Stat. § 95.051. And although federal courts also authorize equitable tolling, it is "an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citation omitted).

Here, despite the court's notifying Glenn of the limitations issue and the potential availability of equitable tolling, and the court's providing Glenn an opportunity to show that his claims against Captain Smith are not time-barred, Glenn

has not alleged any facts suggesting that the extraordinary remedy of equitable tolling applies. Based upon the factual allegations against Captain Smith asserted in the Complaint, Glenn's claims against Smith are barred by the statute of limitations.

III.   CONCLUSION

Glenn's claims against the original Defendant, Captain Smith, are time-barred. And his claims against the new Defendant, Nurse A. Powell, are duplicative of his pending claims against this Defendant in Case No. 3:20cv5688/LAC/EMT. Therefore, this action should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons discussed above, it is respectfully **RECOMMENDED**:

1.   That Plaintiff's claims against Defendant Captain Smith be **DISMISSED with prejudice** as time-barred.

2.   That Plaintiff's claims against A. Powell be **DISMISSED without prejudice** as duplicative.

3.   That the clerk of court be directed to close this case.

At Pensacola, Florida this 4th day of January 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:   3:20cv5603/MCR/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:   3:20cv5603/MCR/EMT